UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT FINKELSTEIN | ) | Case Number |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CIVIL COMPLAINT |
| vs. | ) | |
| | ) | |
| CLIENT SERVICES, INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| **Defendant.** | ) | |

COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, Robert Finkelstein, by and through his undersigned counsel, Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

I.      INTRODUCTORY STATEMENT

1.      Plaintiff, Robert Finkelstein, (hereianfter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  Plaintiff also brings this action pursuant to the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et seq. ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

II.      JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.  Declaratory relief is available pursuant to 28 U.S.C §2201 and 2202.

3.      Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

4.      Supplemental jurisdiction is conferred over Plaintiff's state law claims by 28 U.S.C. §1367(a).

### III.    PARTIES

5.      Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2022 Wallace Street, Stroudsburg, PA  18360.

6.      Defendant, Client Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 3451 Harry Truman Boulevard, St. Charles, MO 63301.

7.      Defendant is engaged in the collection of debts from consumers using the mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.    FACTUAL ALLEGATIONS

8.      Beginning on or about December 11, 2007, agents of the defendant began contacting the Plaintiff.in attempts to elicit payment on an allegedly past due Citibank credit card.

9.      After several voice mail messages were left at the home of the Plaintiff, Plaintiff return the called to a "Karen Rose", an agent of Defendant on December 11, 2007 at 2:30 PM.

10.      Karen Rose indicated to the Plaintiff that he owed Citibank $22,000.00. Plaintiff indicated to the agent for the Defendant that he had been current on a repayment plan with Citibank, paying $100.00 per month.

11.      Ms. Rose indicated to the Plaintiff that he had to pay $11,000.00 by December 28, 2007 and the account would be considered paid in full.

12.      Plaintiff informed the Defendant's agent that he did not have $11,000.00, to which the agent responded by asking Plaintiff how much money he had in the bank. Plaintiff replied that he had $100.00.

13.      Defendant's agent, Ms. Rose, indicated to the Plaintiff that he should use other credit cards to pay his bill and then went through a list of the Plaintiff's open credit cards.

14.      The agent for the Defendant asked the Plaintiff why he had not filed for bankruptcy.  The Plaintiff responded that the agent had no right to ask him that type of question, to which Ms. Rose indicated to Plaintiff, "you are in no position to dictate anything to me".

15.      After the above exchange, the agent for the Defendant indicated that she will put Plaintiff in a "universal default, how about that?".

16.      Plaintiff indicated to Defendant's agent that he did not want to be spoken to in that manner at which time Ms. Rose transferred him to an agent "Tom Cronin".  After

several exchanges, Mr. Cronin asked the Plaintiff "do you have any children you can

borrow from?". Plaintiff replied that he did not have any children and did not appreciate

the suggestion of Mr. Cronin. Mr. Cronin replied "well if you had children, they would

probably all be deadbeats like you".

**COUNT I**

**FDCPA VIOLATION 15 U.S.C. § 1692 <u>et seq.</u>**

17.     The above paragraphs are hereby incorporated herein by reference.

18.     Defendant violated the FDCPA. Defendant's violations include, but are not

limited to the following:

a.     15 U.S.C. 1692e(10), in that Defendant used false representations or

deceptive means to collect or attempt to collect the alleged debt as stated more clearly

above.

b.     15 U.S.C. 1692e(11), in that Defendant failed to state in its May 24, 2007

telephone call that it was a debt collector attempting to collect a debt and that any

information obtained would be used for that purpose.

c.     15 U.S.C. 1692d, in that Deendant engaged in conduct the natural

consequence of which is to harass, oppress, or abuse Plaintiff in connection with the

collection of a debt.

19.     As a result of the foregoing violations of the FDCPA, Defendant is liable to

Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual

damages, statutory damages, attorney's fees and costs and other appropriate relief,

pursuant to 73 P.S. § 201-9.2.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant and Order the following relief:

a.      Declaratory judgment that the Defendant's conduct violated the FDCPA;

b.      Actual damages;

c.      Statutory damages pursuant to 15 U.S.C. §1692k;

d.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

e.      Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S. § 2270.1 et seq.

20.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

21.     The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. §2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S. 201-1 et seq. ("UTPCPL").  Defendants are "debt collectors" pursuant to 73 Pa. C.S. §2270.3.

22.     The alleged debt Defendants were attempting to collect is a "debt" as defined by 73 Pa C.S. §2270.3

23.     The PCA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

24.     The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

25.     Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTCPL.

26.     As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

27.     By virtue of the violations of law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a.     Actual damages;

b.     Treble damages;

c.     An award of reasonable attorneys fees and expenses and costs of suit; and

d.     Such additional relief as is deemed just and proper, or that the interests of justice may require.

## COUNT III

### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. §201-1 <u>et seq.</u>

28.     The foregoing paragraphs are incorporated herein by reference.

29.     Plaintiff and Defendant are "Person[s]" pursuant to 73 Pa. C.S. §201-2.

30.     The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

31.     The actions of Defendant, as aforesaid, constitute unfair or deceptive acts and practices under the UTPCPL, by way of the following, <u>inter alia</u>:

a.      Defendant misrepresented to Plaintiff the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S> §201-3.1;

b.      Defendant engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi);

c.      Defendant failed to complay with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL;

32.     As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

33.     By virtue of the violations of law as aforesaid, and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE,** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

i.      An Order declaring that Defendant violated the UTPCPL;

ii.     Actual damages;

iii.    Treble damages;

iv.     An award of reasonable attorney's fees and expenses and costs of

suit; and

v.      Such addition relief as is deemed just and proper, or that the

interests of justice may require.

## V.      **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:   1/9/08                      BY:     __/s/   **Bruce K. Warren**_____
                                                    Bruce K. Warren, Esquire
                                                    Warren & Vullings, LLP
                                                    Identification No. 89677
                                                    1603 Rhawn Street
                                                    Philadelphia, PA  19111
                                                    215-745-9800   Fax 215-745-7880
                                                    Attorney for Plaintiff